IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Wanda Lee Casarotto, ) | Case No. 07-21270-7-drd |
| ) | |
| Debtor. ) | |
| _____ ) | |
| Wanda Lee Casarotto, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 09-2016-drd |
| ) | |
| Missouri Department of Revenue ) | |
| And ) | |
| Karen King Mitchell, Director of Revenue, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Debtor Wanda Casarotto (Debtor) seeks a declaratory judgement from this Court that a stipulation agreement she reached with the Missouri Department of Revenue (Defendants) at the conclusion of her bankruptcy did not preserve a tax lien against her property. This action is Count I of her complaint. She also seeks, in Count II, a permanent injunction compelling the Defendants to release the lien, which she believes constitutes a coercive attempt to collect discharged, personal debt in violation of 11 U.S.C. § 524(a)(2). The Defendants filed a motion for summary judgment arguing that the Debtor's claim does not present a case or controversy, that this Court should abstain from deciding a state law issue of first impression, and that the Defendants' actions could not as a matter of law constitute a violation of the § 524 discharge

injunction.[1] These are core proceedings under 28 U.S.C. § 157(b)(2)(K) and (O) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that the Debtor has stated a case or controversy, that I should not abstain, and that the Defendants are entitled to summary judgment on the claim asserted in Count II of the complaint because the Debtor has neither pled nor alleged facts that would support a finding that the discharge injunction was violated. The mere existence of a lien, without something more, does not constitute a coercive attempt to collect discharged debt in violation of § 524(a)(2).

## I. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Bankruptcy Procedure 7056(c), applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress &*

---

[1] The Plaintiff claims that I should analyze this motion under Federal Rule of Civil Procedure 12(b)(6) because the Defendants failed to include a concise statement of the uncontroverted material facts. A Rule 12(b)(6) motion tests whether the Plaintiff has alleged a recognized legal claim while a motion for summary judgment tests whether the Plaintiff can prove the factual and legal elements of her claim at trial. The Defendants here attached to their motion material outside the pleadings, specifically a supporting affidavit and discovery responses, that challenged the facts underlying the Plaintiff's claim. This goes to the Plaintiff's ability to prove the issue she raised, and thus the motion is one for summary judgment. *See* 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 56 (2009).

*Co.*, 398 U.S. 144, 161, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-moving party; however, the court is "not required to draw every conceivable inference from the record-only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

## II. FACTUAL BACKGROUND

The facts relevant to this motion are uncontested and are stated in the parties' pleadings as well as the affidavits and discovery responses attached to the summary judgment motion. The Defendants filed a state tax lien against the Debtor's residence in March 2005. The Debtor claims this property is owned as a tenants by the entirety with her husband. On August 20, 2007, the Debtor filed for bankruptcy under Chapter 7. During the course of that bankruptcy proceeding, the Debtor agreed to a stipulation with the Defendants which stated that "any tax lien which may have been filed by the Missouri Department of Revenue for unpaid taxes for the year 2003 will remain a valid tax lien as to property owned by the Debtor on or prior to the date of the filing of this bankruptcy..." The Debtor interprets the stipulation as only applying to liens which were valid when the parties entered their agreement. The Defendants believe that the stipulation requires any lien existing when the stipulation was reached, regardless of its original

validity, to "remain a valid tax lien." The Defendants have not taken any action to foreclose on the lien following the Debtor's bankruptcy.

The Debtor claims that the stipulation does not validate all liens attached to her property regardless of their legality and that her previous attorney entered into the agreement without her knowledge. She believes the lien against her residence is invalid because Missouri law does not allow a tax lien to be filed against tenants by the entirety for the debts of only one spouse. Before filing this petition, she spoke with several banks about refinancing her mortgage but the banks required all liens to be cleared. After receiving this information, the Debtor terminated her refinancing efforts. Debtor seeks a determination from this Court that the stipulation agreement does not attach a lien to her residence if that lien would be invalid under Missouri law and an injunction against the continued maintenance of this lien, which she believes constitutes a coercive attempt to collect *in personam* debt. The Defendants raise two jurisdictional issues, arguing that the Debtor's claim should be dismissed for failing to meet the case or controversy requirement and that the Court should abstain under 28 U.S.C. § 1334(c)(1) from adjudicating a state law issue of first impression. The Defendants also claim the discharge injunction could not have been violated since the assertion of a lien only affects *in rem* rights and not the debtor's personal liability. While the parties do not agree on the proper interpretation and validity of the stipulation agreement, the Defendants do not raise that issue in their motion for summary judgment and it remains a matter for subsequent resolution.

III. DISCUSSION

Since this Court must find that it has jurisdiction before considering the merits of a claim, I will address those issues first and then determine if the Debtor can prove a violation of the discharge injunction.

A.  **The Case or Controversy Requirement is Satisfied Because the Lien Caused the Debtor to Cease her Refinancing Efforts**

The case or controversy requirement of Article III of the United States Constitution "limit[s] the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). For a declaratory judgment to be capable of resolution, a court must preliminarily determine whether the case presents a controversy that is "ripe" for adjudication. *See Foster v. Center Township of La Porte County*, 798 F.2d 237, 242 (7th Cir. 1986). The purpose of this requirement "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

The Defendants question whether the claim presented in this case is ripe, claiming that no controversy exists unless the Debtor made actual attempts to sell, mortgage, or alienate her property. "Ripeness . . . involves whether the controversy has sufficiently developed that a judicial proceeding will encompass the range of issues necessary to resolving the controversy." 16 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 227:21 (2009). There are two factors relevant to a ripeness decision: the fitness of the issue for judicial resolution and the hardship to the parties of withholding court consideration." *In re Bender*, 297 B.R. 126, 132 (D.

Neb. 2003). Fitness for judicial resolution safeguards against judicial review of speculative disagreements while hardship requires a determination that delayed review will result in significant harm. *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000). Harm includes consideration of "both the traditional concept of actual damages . . . and the heightened uncertainty and resulting behavior modification that may result from delayed resolution." *Id.* Thus, "where the party's present property interest is immediately and directly affected, there is a sufficient interest at stake to entertain a declaratory judgment action even though the controversy centers around future acts by the party." 22A Am. Jur. 2d *Declaratory Judgments: Actual Controversy Requirement* § 103 (2009).

A tax lien which impacts a property owner's financial options is ripe for a declaratory judgment. Even if the Debtor does not have evidence of a failed agreement demonstrating the sincerity of her attempts to refinance her home, her statement that she was told the liens had to be cleared demonstrates an immediate effect on her property interest. Her behavior was modified when she ceased her efforts to obtain refinancing. In this case, the mere existence of the lien created uncertainty that influenced the choices she made concerning her property. Other courts evaluating ripeness challenges to tax liens have found the matter to be appropriate for judicial review. In *Matter of McCorckle*, 209 B.R. 773 (Bankr. M.D. Ga. 1997) a debtor sought a declaratory judgment that the defendants may not renew their tax liens against his property. The court found the issue ripe for declaratory judgment because the "debtor's decision to abandon the property now or keep it and make the mortgage payments may turn immediately on the knowledge of whether these liens can be renewed." *Id.* at 776; *See also In re Marcus Hood Development Park Inc.*, 153 B.R. 693 (Bankr. W.D. Pa. 1993) (finding that the existence

of a tax lien on property acquired by the title insurer was sufficient to seek a judgment against a third party even though the tax had not yet been paid). For similar reasons, the decisions the Debtor makes with regard to her property may depend on the status of the tax lien. The dispute is not hypothetical but rather real and concrete. The Debtor's statements raise sufficient, specific facts that her financing decisions were affected, making her claim ripe for adjudication. No other developments need to occur to frame the relevant issues.

**B.      This Court Should Not Abstain From Interpreting Its Own Order**

Defendants next ask this Court to exercise its discretion to abstain from asserting jurisdiction over the Debtor's declaratory judgment action under 28 U.S.C. § 1334(c)(1), which states in relevant part:

> . . . [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1) (West 2009). Abstention is a narrow exception to the exercise of a court's federal jurisdiction. *In re Kesar Enterprises, Inc.*, 330 B.R. 756, 761 (Bankr. W.D. Mo. 2005); *See also Krigel's Inc. v. ARY Jewelers, L.L.C., et al.*, 263 B.R. 280, 286 (Bankr. W.D. Mo. 2001) (citing *In re Phelps Tech. Inc., et al. v. Welsh, et al.* (*In re Phelps Technologies, Inc.*), 238 B.R. 819, 822-23 (Bankr. W.D. Mo.1999)) ("[F]ederal courts generally should exercise their jurisdiction if it is properly conferred and . . . abstention is the exception rather than the rule.").

Courts generally apply § 1334(c)(1) by looking to "well developed notions of judicial abstention." *In re Kesar Enterprises, Inc.*, 330 B.R. at 761. Factors that courts have considered in determining whether permissive abstention is appropriate include:

7

(1) the extent to which the issues involve difficult or unsettled issues of state law;

(2) the extent to which state law or other esoteric and technical issues predominate;

(3) the effect of abstention on the efficient administration of the bankruptcy proceedings;

(4) the presence of a commenced state law action in which the matter may be determined;

(5) the degree of relatedness to the main bankruptcy proceeding;

(6) the burden on the bankruptcy court's docket;

(7) the likelihood that one of the parties is forum shopping;

(8) the presence or necessity in the proceeding of non-debtor parties;

(9) the existence of a jurisdictional basis other than 28 U.S.C. § 1334;

(10) the existence of a right to a jury trial and whether the parties do or do not consent to jury trial in the bankruptcy court;

(11) the financial condition of the parties; and

(12) the case's status as a "related" matter rather than a core proceeding.

*Id.* (citations omitted).  The Defendants focus on five of these factors: the dispute involves a difficult or unsettled area of state law, state law issues predominate, the effect on the efficient administration of the bankruptcy proceedings, the likelihood of forum shopping, and the dispute concerns a related matter rather than a core proceeding.  The first two issues consider the extent to which the claims asserted are governed by state law and the effect this ruling may have on state law.  The last three essentially focus on whether it is reasonable or logical for the Debtor to raise her claim in a bankruptcy court rather than another forum.

To the extent that the Debtor's complaint depends on a determination that the tax lien is invalid, the case raises state law issues which may be unsettled. This factor weighs in favor of abstention. However, the Debtor's complaint also, and to a larger extent, depends on how this Court's order approving the stipulation agreement is interpreted. The Defendants believe that the order provides that their pre-existing tax lien would continue. Under the Defendants' interpretation, state law would be irrelevant because the parties' agreement would control. The Debtor disputes this interpretation and would require this Court to adopt her reading of the agreement in order to issue an injunction if she succeeds on the state law claim. Thus, both parties' legal theories require an interpretation of the stipulation order. Depending on how this order is interpreted, the state law issue may be avoided entirely. This belies the Defendants' claim that the dispute is dependent on state law. In this circumstance, I find that the importance of interpreting the order in the proper forum outweighs the consideration that the case may raise a novel issue of state law.

This Court is the logical place to have its own order interpreted. *See In re Apex Oil Co., Inc.*, 406 F.3d 538 (8th Cir. 2005) ("The bankruptcy court is in the best position to interpret its own orders."). "As a general matter, a court has the authority to interpret, clarify, apply, and enforce its own orders, especially where its jurisdiction to enter the original order was not and is not at issue." *In re Eveleth Mines, LLC.*, 312 B.R. 634, 641-42 (Bankr. D. Minn. 2004) (citing *Koehler v. Grant*, 213 B.R. 567, 569 (8th Cir. BAP 1997) ("... [i]t is well-established that courts retain jurisdiction to enforce their own orders."). The stipulation order was approved as part of an agreement regarding the discharge of claims against the Debtor, which this Court had jurisdiction over as a core proceeding. Because this Court is in the best position to interpret the order, I find that it is not appropriate for me to abstain.

The Defendants' arguments that the dispute concerns a related matter rather than a core proceeding, that the Debtor is forum shopping, and that jurisdiction is unrelated to the efficient administration of the bankruptcy proceedings are unpersuasive given the appropriateness of this Court interpreting its own order. This dispute does not merely concern a related matter because "the enforcement of orders resulting from core proceedings are themselves considered core proceedings." *Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001). Concerns about forum shopping are greatly diminished when this Court has a prior connection with the case and is in the best position to settle the dispute. This matter is sufficiently related to the efficient administration of the bankruptcy proceedings and therefore jurisdiction is appropriate.

**C.      The Discharge Injunction is Not Violated by The Mere Existence of a Lien**

Section 524(a)(2) provides that "a discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor. . ." 11 U.S.C. § 524(a)(2). At trial, the Debtor bears the burden of showing "by clear and convincing evidence" a violation of this section and that an act is designed to collect a discharged debt. *In re Schlictmann*, 375 B.R. 41, 94 (Bankr. D. Mass. 2007).

A bankruptcy discharge affects only personal actions against a debtor. *Johnson v. Home State Bank*, 501 U.S. 78, 83-85, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) ("[The] bankruptcy discharge extinguishes only one mode of enforcing a claim - namely, an action against the debtor *in personam* - while leaving intact another - namely, an action against the debtor *in rem*."). As a result, liens normally pass through bankruptcy proceedings unaffected.

*In re Annen*, 246 B.R. 337, 340 (B.A.P. 8th Cir. 2000); *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 21 (1st Cir. 2002) ("A lienholder does not violate § 524(a) by waiting until a bankruptcy case is closed before asserting its *in rem* rights.").

Section 524 "require[s] some affirmative collection efforts on the part of the creditor in order [to violate the] discharge injunction." *In re Dendy*, 396 B.R. 171, 179 (Bankr. D.S.C. 2008). The mere act of refusing to release a lien, even if invalid, does not violate the discharge injunction absent an attempt to enforce the lien, a violation of a court order, or an intent to collect the debt. *Id.* at 183. However, the failure to release a lien may lead to the conclusion the lien holder is attempting to coerce the reaffirmation of debt if there is no other legitimate economic reason to maintain the lien. In *In re Pratt*, 462 F.3d 14 (1st Cir. 2006), debtors were prevented from disposing of a worthless car due to a creditor's lien. The Court found that the creditor's refusal to release the lien constituted objective coercion. The car would generate no future sales proceeds, and therefore the court determined that "the legitimate *raison d'etre* for the . . . lien no longer [applied]." *Id.* at 20. However, in *In re Schlictmann*, which involved the enforcement of a security interest on an amount of considerable value, the Court concluded the creditor's "desire to enforce its rights in the collateral suffice to explain [its] actions." *In re Schlictmann*, 375 B.R. at 98; *See also In re Paul*, 534 F.3d 1303, 1308 (10th Cir. 2008) (comparing the *Pratt* and *Schlictmann* cases).

The Debtor has failed to meet her burden of setting forth specific facts capable of providing clear and convincing evidence that the Defendants were attempting to collect the discharged debt. The Defendants have made no attempt to enforce or foreclose on their lien. Unlike the circumstances in *Pratt*, this lien serves a legitimate economic purpose because the Defendants may be able to collect their back tax revenue if the Debtors sell the property. The

Debtors do not allege and have not demonstrated the ability to prove that the original justification for the lien no long remains. The Debtor merely states, in allegation 28 of her complaint, that the "Defendants' refusal to release the State Tax Lien with respect to the Residence is an act to collect the discharged State Tax Debt," and in her brief in opposition to the Defendants' motion for summary judgment she claims that "Defendants' refusal to release its State Tax Lien with respect to the Residence constitutes a coercive attempt to enforce Plaintiff's personal obligation on the discharged State Tax Debt." She has not provided additional factual details in support of these assertions. To defeat a summary judgment motion, the Plaintiff must provide specific facts to raise a genuine issue for trial and not rest on mere assertions of disputed facts. The Court cannot assume as true the allegations that the Plaintiff has a burden of showing she can prove at trial. Conclusory statements that the maintenance of a lien involves an ulterior motive to circumvent the discharge statute are not sufficient to withstand a motion to dismiss. *In re Annen*, 246 B.R. at 341.

## IV. CONCLUSION

Therefore, for the above reasons, I find that the Debtor's request for declaratory relief regarding the lien asserted against her property does state a case or controversy and that I

should not exercise my discretion to abstain since the claim involves an interpretation of a previous order of this Court. I further find that the Defendants are entitled to judgment as a matter of law on the claim asserted in Count II of the complaint because merely maintaining a tax lien against a property, without additional coercive attempts to collect the debt as a personal liability, does not violate the discharge injunction. The Defendants' motion for summary judgment is GRANTED in part and DENIED in part. A separate Order will be entered in accordance with Bankruptcy Rule 9021. The Court will set the matter for trial on the claims asserted in Count I of the complaint.

Dated: July 6, 2009                              /s/ Dennis R. Dow
                                                 THE HONORABLE DENNIS R. DOW
                                                 UNITED STATES BANKRUPTCY JUDGE

Copies to:

Bryan Bacon
Richard M. Maseles